

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/23/2024

# MEMORANDUM ENDORSED

**NISAR LAW GROUP, P.C.**

One Grand Central Place
60 East 42nd Street, Suite 4600
New York, NY 10165

January 22, 2024

Susan Ghim, Of Counsel
sghim@nisarlaw.com
Main: (212) 600-9534
Direct: (646) 889-1011

<u>VIA ECF</u>
Hon. Gregory H. Woods
United States District Court, SDNY
500 Pearl Street
New York, NY 10007

RE:  <u>23cv1235 Joquin et al v. NYAC et al.</u>
Request to Adjourn February 7, 2024 Pre motion conference date [ECF doc. no. 48]

Dear Judge Woods:

As the Court is aware, undersigned counsel represents Plaintiffs Franklin Joaquin, Eduardo Casusol, Mohammed Miah, Oscar Rodriguez and Milagros Carlin Bregante (collectively, "Plaintiffs") in the above referenced matter. I write to respectfully request an adjournment of the pre-motion conference scheduled for February 7, 2024 to the parties' mutually available dates of February 5-6 or 12-16, 2024. Defendants' counsel consented to this request. This is Plaintiffs' first request for an adjournment of this premotion conference. [ECF doc. no. 48]

By order dated on or about Friday, January 19, 2024, the court granted Defendants' motion for a pre-motion conference on their proposed motion to compel arbitration on Plaintiffs' Eighth and Ninth causes of action. [ECF doc. no. 47] In that order, the court scheduled this pre-motion conference to be held on or about February 7, 2024 at 2pm. However, on or about December 21, 2023, an in person mediation conference before a magistrate judge on another matter in this court was scheduled for the same date and time. Rescheduling the previously scheduled conference would pose a burden on other counsel as they are traveling to NYC from approximately two states away. On or about January 4, 2024, the mediation time was changed from 2pm to 10am because the mediation conference was anticipated to be a full day. Therefore, the entire day of February 7, 2024 conflicts is in conflict with the conference scheduled in this matter.

Plaintiffs intend to oppose Defendants' motion to compel arbitration on their seventh and eight causes of action that Defendants stated in their letter dated on or about January 18, 2024 as, alleged reduction of work hours in retaliation for …complaints about the Club's compensation practices." [Defs. 1/18/2024 letter at pg. 1] Plaintiffs Seventh cause of action is for a violation of FLSA §215 for reduction of Plaintiffs work hours in retaliation for complaining of underpayments

of overtime and tip wages. Plaintiffs Eighth Cause of Action is for a parallel violation of NYLL §215 based on Defendants' retaliatory reduction of Plaintiffs' work hours. Plaintiffs' Ninth cause of action was for a violation of NYLL §195 for failure to provide proper wage statements which does not involve retaliation or reduction of work hours. Therefore, Defendants may have mistakenly stated that they intended to move to compel arbitration on "causes of action eight and nine in the First Amended Complaint." [Defs. 1/18/2024 letter at pg. 1]

While Plaintiffs testified at their respective depositions about their seniority rights under the applicable collective bargaining agreement ("CBA"), Plaintiffs were clear that overtime hours were available and after they filed the instant lawsuit and/or complained about underpayments of wages, their supervisor Defendant Javier Vargas, reduced their work hours to 40 hours in a workweek. In close temporal proximity to Plaintiffs' filing of their lawsuit and complaints about underpayments of their wages, the reduction of Plaintiffs' work hours when overtime hours were available was prima facie evidence that Defendants did not have a legitimate business reason to do so. The reduction of Plaintiffs' work hours were irrespective of Plaintiffs' seniority rights under the CBA as Defendant Vargas completely ignored Plaintiffs' seniority rights under the CBA. Defendant Vargas testified that he was told by his supervisor Sean Davidson to limit Plaintiffs' work hours to 40 hours in a workweek to avoid paying overtime wages. This was not an issue of applying seniority rights under the CBA. Defendants have maintained to date, that they were only applying the terms of the last arbitration order dated on or about May 2022. [Defs' 1/18/2024 Letter pg 2 [ECF doc. 47]] Attached as **Exhibit A** is a true and correct copy of that arbitration order dated on or about May 2022. However, the arbitration never ordered that Plaintiffs' hours be restricted to 40 hours per week. General Manager Roger Simon who was deposed on or about January 15, 2024 testified that the arbitration order stated that overtime hours should be given to servers in the A Group (Plaintiffs) before other servers in the B and C group. See May 2022 Decision pg 5 of 5. Thus, when Defendant Vargas restricted Plaintiffs' hours to 40 hours in a workweek in 2022 and thereafter, he did not even adhere to the arbitration order and wholesale ignored Plaintiffs' seniority rights under the CBA.

Because there is a CBA, Section 301 of LMRA applies. Arbitration of statutory claims in the instant CBA are not mandatory. Plaintiffs' union produced the applicable grievance and arbitration provision attached hereto as **Exhibit B**. By memorandum agreement dated on or about November 2013, Plaintiffs' union local 6 ("union") and defendant NYAC agreed in a Memorandum of Agreement that the IWA grievance and arbitration provision would apply to the bargaining unit members including Plaintiffs. See, **Exhibit C**, paragraph 15. Plaintiffs' union also produced the controlling arbitration decision dated on or about 2004 concerning the arbitrability of statutory wage claims under FLSA and NYLL. Attached as **Exhibit D** is a courtesy copy of the arbitration decision entitled *Omni Berkshire Place Hotel* case number 2004-88. This 2004 arbitration decision specifically determined that, "[t]he language of Section 26 [IWA arbitration clause], while broad enough to permit an employee to arbitrate any type of claim, does not mandate that a bargaining unit member must arbitrate such claims in lieu of state or federal litigation. The Union and Hotel Association have chosen not to include such language in the IWA's arbitration clause," *Id.* at pg 4, top paragraph The arbitration decision further stated, "[t]he parties to the IWA did not negotiate a clear and unmistakable waiver of unit members' rights to litigate in state or federal court." *Id* at pg 4, middle full paragraph. This controlling 2004 decision concerning the IWA grievance and arbitration provision directly refutes Defendants' line of cases

cited in their January 18, 2024 letter contending that the subject CBA has a broad grievance and arbitration provision. Defs. 1/18/2024 Letter, pg 2, bottom paragraph. [ECF doc. 47] In *Siddiqua*, the Second Circuit explained that "because the employees…had not agreed to arbitrate their statutory claims, and the labor arbitrators were not authorized to resolve such claims the arbitration in those cases…was held not to preclude statutory actions." *See, Siddiqua v. NY State Dep't of Health*, 542 Fed Appx 68, 70 (2d Cir., March 16, 2016) In the instant matter, as detailed in the *Omni Hotel* arbitration decision, the parties to the CBA did not agree to arbitrate statutory claims and Plaintiffs were not mandated to arbitrate any of their statutory claims. Defendants argued that the facts underlying Plaintiffs' retaliation claims under FLSA §215 and NYLL §215 were "disagreement with the arbitrator's interpretation of the CBA." However, the Second Circuit has held that, "to the extent that the arbitration of …contractual rights …might be similar to or duplicative of the substantive rights secured by the [statute], this prior arbitration does not preclude a federal court from reconsidering all factual issues underlying her statutory… claims." *Id*. at 71. Similarly in this case, the prior May 2022 arbitration concerning application of Plaintiffs' seniority rights to assignment of overtime hours does not preclude this Court from reconsidering all factual issues underlying Plaintiffs' FLSA and NYLL retaliation claims. Moreover, in the prior May 2022 arbitration, the arbitrator did not adjudicate or consider retaliation claims under FLSA§215 and/or NYLL§215 and their attendant awards/remedies including but not limited to back pay and compensatory damages.

New York State case law is also clear that a CBA cannot preclude a lawsuit concerning individual statutory rights unless the arbitration clause in the agreement is "clear and unmistakable" such as specifically referencing the statute into the CBA to arbitrate those disputes. *See Matter of Berger v. New York Univ*. 205 AD3d 531, 532 (1st Dept. 2022) In the instant case, the grievance and arbitration clause does not reference New York Labor Law or Fair Labor Standards Act claims. **Exhibit B** The Supreme Court has long held that the existence of a potential CBA based remedy does not deprive an employee of independent remedies available under state law. *See, Hawaiian Airlines v. Norris*, 512, 246, 261 (1994)

Based on the foregoing, Plaintiffs respectfully request that the pre-motion conference on Defendants' proposed motion to compel arbitration on the Plaintiffs' Seventh and Eighth causes of action be adjourned to one of the mutually available dates of February 5-6 or 12-16; and any and other further relief as this court deems just and proper. Thank you.

Respectfully submitted,

/s/ Susan Ghim
Susan Ghim, Of Counsel

Application granted. The pre-motion teleconference previously scheduled for February 7, 2024 is hereby adjourned to February 13, 2024 at 4:00 p.m. The Clerk of Court is directed to terminate the motion pending at Dkt. No. 51.

Via ECF only to:
All attorneys of record

SO ORDERED.

Dated: January 23, 2024
New York, New York

GREGORY H. WOODS
United States District Judge

3